FILED
U.S. DISTRICT COURT
UNITED STATES DISTRICT COURT OF MARYLAND
DISTRICT OF MARYLAND

2002 JAN 29  A 9: 47

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

January 25, 2002

MEMORANDUM TO COUNSEL RE:    Trustees of the Ironworkers Local Union
No. 16 Pension Plan, et al. v. Raymonds'
Miscellaneous Ironworks, LLC, et al.
Civil #L-00-3174

Dear Counsel:

On October 23, 2000, Plaintiffs filed suit against Defendants, Raymonds' Miscellaneous Ironworks, LLC, Mr. Ray Zawodny, Sr., d/b/a Raymonds' Miscellaneous Ironworks, LLC, and Mr. Ray Zawodny, Jr., d/b/a Raymonds' Miscellaneous Ironworks, LLC, seeking to collect contributions due to the employee benefit plan under ERISA.

When the suit was filed, Defendants were properly served; service of process upon Defendant Ray Zawodny, Jr., d/b/a Raymonds' Miscellaneous Ironworks, LLC was completed on or about December 3, 2000. Service upon Defendants Raymonds' Miscellaneous Ironworks, LLC, and Ray Zawodny, Sr., d/b/a Raymonds' Miscellaneous Ironworks, LLC was completed on or about December 9, 2000. Although the suit was properly served on them, none of the defendants filed an answer to the Complaint.

On January 30, 2001, pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiffs filed a Motion for the Entry of Default against Defendants for want of answer or defense. Defendants failed to respond to Plaintiffs' Motion for Entry of Default, and on February 14, 2000, the Court issued an Order of Default. Because Defendants neither responded nor asserted any defenses, on April 17, 2001, the Court entered Judgment by Default in favor of Plaintiffs and against Defendants for the total sum of $105,846.39.

On July 23, 2001, over three months after the entry of Judgment by Default, Mr. Zawodny, Sr. submitted a letter to the Court, asking the Court to vacate the default judgment. Mr. Zawodny's letter, while sympathetically explaining his business problems, failed to establish that he had a meritorious defense or an acceptable excuse for lapsing into default. Accordingly, his letter did not present grounds for setting aside a default judgment as required under Rule 60(b)(1). See Park Corp. v. Lexington Ins. Corp., 812 F.2d 894, 896 (4th Cir. 1987). First, Mr. Zawodny did not argue that Defendants are not liable for the money sought

in the Complaint, and second, "ignorance of the law" is not an acceptable excuse for lapsing into default.

The Court is currently in receipt of a second letter submitted by Mr. Zawodny, dated December 17, 2001. Mr. Zawodny's letter again asks the Court to vacate the default judgment. The Court is sympathetic to Mr. Zawodny, as it is clear that he is a hardworking individual who is facing extreme financial difficulties. However, the fact remains that he does not contest that he owes the money to Plaintiffs. When money is owed to a plaintiff and the plaintiff files suit, it is not a defense that the defendant lacks the money to pay the debt. Accordingly, the Court hereby DENIES Defendants' Motion to Vacate the Default Judgment.

Despite the informal nature of this memorandum, it shall constitute an Order of Court and the Clerk is directed to docket it accordingly.

Very truly yours,

Benson Legg

Benson Everett Legg

c:  Court file